**Frank James DISTEFANO, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 14-14-00375-CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 9, 2016

Discretionary Review Refused October 12, 2016

Rehearing Denied May 17, 2016

Carmen Mae Roe, Houston, TX, for Appellant.

Carly Dessauer, Houston, TX, for Appellee.

Panel consists of Justices Jamison, McCally, and Wise.

## OPINION

Martha Hill Jamison, Justice

In three issues, appellant Frank James Distefano complains of the trial court's admission of extraneous offense evidence during his trial for sexual performance by a child[1] on the grounds that (1) the probative value of the evidence was substantially outweighed by the danger of unfair prejudice and (2) article 38.37, section 2 of the Code of Criminal Procedure violates the separation of powers doctrine in the Texas Constitution and the Due Process Clause in the Fourteenth Amendment of the United States Constitution.[2] We affirm.

### Background

While appellant was attending a party, he asked to speak with K.T., who had just turned ten years old, "about her [belated birthday] present." K.T.'s mom thought they went into the kitchen. After five to ten minutes, she went to look for them. When she found them, they were in the upstairs bathroom, and appellant had a sleeping mask in his hand. K.T. was afraid and went straight to her mother. K.T. testified that appellant had taken her up to the bathroom and put a sleeping mask over her eyes. Appellant then strapped something onto her head that had a "round, cone-like" object that he put into her mouth to hold it open. Appellant called the object a "mouth ring." Appellant then tied K.T.'s hands behind her back with Velcro. At that point, K.T. heard her mom calling for her. K.T. broke apart the Velcro, pulled off the

mask, took the "mouth ring" off her head, and ran to her mom.

The trial court heard the following extraneous offense evidence during trial in a hearing outside the presence of the jury to determine whether it should be admitted for the jury's consideration. Appellant once tutored nine-year-old M.B. in math. He would pick up M.B. and take her to a hotel for tutoring sessions. During at least one of these sessions, appellant tied her hands together and paddled her for each math problem she missed. He later put a "toy" on her that strapped around her head and had a ring that went into her mouth to hold it open. He then put his penis into M.B.'s mouth.

The trial court concluded that the extraneous offense evidence involving M.B. was admissible under article 38.37, section 2 because it was "adequate to support a finding by the jury that the defendant committed this separate offense beyond a reasonable doubt." The court further concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under Texas Rule of Evidence 403.[3] About one-third to one-half of the guilt-innocence phase of trial consisted of testimony involving the extraneous offense. The jury found appellant guilty of the offense involving K.T. and assessed punishment at 75 years' imprisonment.

### Discussion

Appellant argues that the trial court abused its discretion in admitting the extraneous offense evidence by failing to conduct a balancing test under Rule 403 and

---

**1.** Tex. Penal Code § 43.25(b)–(c).

**2.** All references to article 38.37 are to the Code of Criminal Procedure.

**3.** All references to Rules 403, 404, or 405 are to the Rules of Evidence. Generally, Rule

403 allows a judge, in certain circumstances, to exclude otherwise relevant evidence that is unduly prejudicial, Rule 404 permits exclusion of other wrongful acts, and Rule 405 excludes evidence of specific conduct to prove character. Tex.R. Evid. 403, 404, 405.

because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Appellant also challenges the constitutionality of article 38.37, section 2 under the separation of powers doctrine in the Texas Constitution and the Due Process Clause in the Fourteenth Amendment of the United States Constitution.

Under article 38.37, section 2, "[n]otwithstanding Rules 404 and 405," evidence that a defendant has committed certain offenses against a child is admissible "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant" if the trial judge, after conducting a hearing outside the presence of the jury, determines the evidence "will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." Tex.Code Crim. Proc. art. 38.37 §§ 2(b), 2–a. The State is required to give a defendant 30 days' notice before trial "of the [S]tate's intent to introduce in the case in chief [extraneous offense] evidence described by" article 38.37. *See id.* art. 38.37 § 3.

### I. Admissible under Rule 403

In his first issue, appellant argues the trial court failed to conduct a Rule 403 balancing test. Appellant asserts that instead of conducting a balancing test, the trial court concluded that "[a]rticle 38.37's requirements served as a categorical exception to Rule 403." Appellant also contends that the balancing test weighs in favor of excluding the evidence.

 We review the trial court's decision to admit evidence for abuse of discretion. *Winegarner v. State,* 235 S.W.3d 787, 790 (Tex.Crim.App.2007). When evidence of a defendant's extraneous acts is relevant under article 38.37, the trial court still is required to conduct a Rule 403 balancing test upon proper objection or request. *Belcher v. State,* 474 S.W.3d 840, 847–88 (Tex.App.—Tyler 2015, no pet.); *Hitt v. State,* 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd). Rule 403 authorizes a trial court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Tex.R. Evid. 403; *Belcher,* 474 S.W.3d at 847–48. Rule 403 does not require that the balancing test be performed on the record. *Belcher,* 474 S.W.3d at 847–48; *Hitt,* 53 S.W.3d at 706. In overruling a Rule 403 objection, a trial court is presumed to have performed a Rule 403 balancing test and determined the evidence was admissible. *Belcher,* 474 S.W.3d at 847–48; *Hitt,* 53 S.W.3d at 706.

 The trial court in fact expressly concluded on the record that "the probative value [of the evidence was] not substantially outweighed by the danger of unfair prejudice." We thus presume that the trial court performed a Rule 403 balancing test and determined the evidence was admissible under Rule 403. *Belcher,* 474 S.W.3d at 847–48; *Hitt,* 53 S.W.3d at 706. Appellant argues, however, that the following statement by the trial court shows that it did not conduct the balancing test separate from its admissibility determination under article 38.37:

> With regard to the 403, the Court finds the probative value is not substantially outweighed by the danger of unfair prejudice. It's otherwise admissible if it meets the other predicate qualifiers under 38.37, separate and apart from that. So, with regard to your objections, they are overruled and it will be admitted.

This statement does not establish that the trial court failed to conduct the balancing

test. It merely shows that the trial court considered and overruled appellant's objections under both Rule 403 and article 38.37. Appellant has not overcome the presumption that the trial court conducted the balancing test. *See Belcher,* 474 S.W.3d at 847–48; *Hitt,* 53 S.W.3d at 706.

We presume that the probative value of relevant evidence substantially outweighs the danger of unfair prejudice from admission of that evidence. *Martinez v. State,* 468 S.W.3d 711, 718 (Tex. App.—Houston [14th Dist.] 2015, no pet.). It is therefore the opponent's burden to demonstrate that the danger of unfair prejudice substantially outweighs the probative value. *Kappel v. State,* 402 S.W.3d 490, 494 (Tex.App.—Houston [14th Dist.] 2013, no pet.). In reviewing the trial court's balancing determination under Rule 403, we are to "reverse the trial court's judgment rarely and only after a clear abuse of discretion." *Id.* In determining whether the trial court abused its discretion in admitting the evidence, we balance the inherent probative force of the proffered item of evidence along with the proponent's need for that evidence against (1) any tendency of the evidence to suggest decision on an improper basis; (2) any tendency of the evidence to confuse or distract the jury from the main issues; (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State,* 210 S.W.3d 637, 641–42 (Tex.Crim.App.2006).

**Probative Value of Signature Crime and State's Need for Evidence.** The trial court in this case reasonably could have concluded that the inherent probative force of the evidence was consid-

erable, because the testimony tends to contradict appellant's argument that the incident with K.T. was a "misunderstanding" or "mistake" and that appellant did not intend to engage in the charged offense. *See id.* at 642; *see also Gaytan v. State,* 331 S.W.3d 218, 227 (Tex.App.—Austin 2011, pet. ref'd) ("[B]ecause the [extraneous offense] testimony was remarkably similar to [the complainant's], the trial court could have reasonably found that its inherent probative force was significantly bolstered."). A claim that an extraneous offense is relevant to show a signature crime is often a shorthand way of saying it is relevant to show the identity of the perpetrator of the charged offense, his modus operandi, or *the absence of a mistake or accident. Abshire v. State,* 62 S.W.3d 857, 866 (Tex.App.—Texarkana 2001, pet. ref'd) (citing *Taylor v. State,* 920 S.W.2d 319, 322 (Tex.Crim.App.1996) (holding evidence of "virtually identical" offense was relevant to show intent, among other things, in trial of charged offense), and *Owens v. State,* 827 S.W.2d 911, 915–16 (Tex.Crim.App.1992) (noting that signature characteristics of crimes may be admissible when there are "contested issue[s] of identity or any of the other grounds for admission listed in Rule 404(b)," which includes absence of mistake or lack of accident)).

When an extraneous offense is offered as emblematic of a signature crime, the common characteristics or the device used in each offense must be so unusual and distinctive to be like a "signature." *Segundo v. State,* 270 S.W.3d 79, 88 (Tex.Crim.App.2008). No rigid rules dictate what constitute sufficient similarities; rather, the common characteristics may be proximity in time and place, mode of commission of the crimes, the person's dress, or any other elements that mark both crimes as having been committed by the

same person. *Id.* If the similarities are generic, i.e., typical to this type of crime, they will not constitute a signature crime. *Id.* Sometimes, however, the signature can be one unique characteristic. *Id.*

Appellant used what he referred to as a "mouth ring" on both victims, which the victims described in a similar manner. This one unique characteristic would be sufficient in itself to show a signature crime. *See id.* However, there were other similarities. Both victims were around the same age and were isolated by appellant and separated from their parents at the time of the incidents. Appellant gave "innocent" explanations for his actions to the victims and bound them both. Both victims testified that appellant brought his bag with the "toys" and either took pictures of them or told them he would take pictures during each encounter. The key difference between the two incidents was that appellant was able to complete his assault of M.B., but his actions were interrupted with K.T. when her mother called her. Given the similarities between the two encounters, appellant's prior behavior with M.B. indicates that the incident with K.T. was not a mistake or misunderstanding. *See Robisheaux v. State*, 483 S.W.3d 205, 219–20 (Tex.App.—Austin Jan. 7, 2016, pet. ref'd) (concluding that offenses were "remarkabl[y] similar" when victims were around the same age and defendant engaged in similar behavior toward both victims).

Moreover, the State was required to show appellant intended to induce K.T. to engage in sexual performance.[4] Thus, the trial court reasonably could have concluded that the State's need for the evidence was considerable. *See Gigliobianco*, 210

S.W.3d at 642; *see also Checo v. State*, 402 S.W.3d 440, 452 (Tex.App.—Houston [14th Dist.] 2013, pet. ref'd) (holding admission of videos containing child pornography was probative of intent to sexually assault a child). M.B.'s testimony that appellant bound her, used a mouth ring on her, and then sexually assaulted her was probative to show that the acts of binding K.T. and using a mouth ring on her also were intended to induce her to engage in sexual conduct.

**Unfair Prejudice, Confusion of the Issues and Misleading the Jury, Undue Delay and Needless Presentation of Cumulative Evidence.** Appellant argues that (1) the jury could have convicted appellant on an improper basis because the jury was allowed to consider appellant's criminal propensity for being a child predator; (2) the jury likely was confused and distracted from the main issue because the limiting instruction, jury charge, and State's opening statement and closing argument focused on appellant's criminal propensity; and (3) spending approximately half of the trial on the extraneous offense was a "de facto consolidation of the two incidents" that resulted in a trial focused on "whether [appellant] was a child predator, rather than . . . whether he was guilty of the specific crime charged in the indictment."

The trial court reasonably could have concluded that the evidence did not have a tendency to suggest decision on an improper basis or to confuse or distract the jury from the main issues in the case because the evidence relates directly to an element of the charged offense—that appellant intended to induce K.T. to engage in sexual conduct. *See Gigliobianco*, 210 S.W.3d at 642. Moreover, as the State argues, the

---

4. *See* Tex. Penal Code § 43.25(b) ("A person commits an offense if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance.").

order in which the evidence was presented helped prevent any confusion of the issues or misleading the jury because by the time M.B.'s testimony was presented, the State already had introduced K.T.'s testimony. Thus, the extraneous offense testimony buttressed K.T.'s testimony.

Only the time spent developing the extraneous offense evidence weighs against admissibility. However, we note that the guilt-innocence phase of trial lasted only three days, the case was relatively simple and straightforward (despite its odd facts) and did not necessitate lengthy testimony, and the State did not place undue emphasis on the extraneous offense evidence. *See Le v. State*, 479 S.W.3d 462, 471 (Tex. App.—Houston [14th Dist.] Oct. 29, 2015, no. pet.).

■ **Conclusion.** Although the testimony regarding the sexual assault of M.B. carried emotional weight and took some time, the trial court reasonably could have concluded that the State demonstrated its need to counter appellant's defense of mistake or misunderstanding, which was relevant to the element of appellant's intent to commit the offense. *See Dennis v. State*, 178 S.W.3d 172, 181 (Tex.App.—Houston [1st Dist.] 2005, pet. ref'd). The unique characteristics of the two offenses establish they were signature crimes, and thus the evidence was admissible to rebut appellant's argument that his encounter with K.T. was a misunderstanding or mistake.[5] Weighing the above factors, the trial court's decision to admit the evidence is within the zone of reasonable disagreement. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex.Crim.App.2009) ("[Rule 403] envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value."). We conclude that the trial court did not abuse its discretion in admitting the evidence.[6]

We overrule appellant's first issue.

## II. No Constitutional Violations

**5.** Appellant relies heavily on *Pittman v. State*, 321 S.W.3d 565 (Tex.App.—Houston [14th Dist.] 2010, no pet.), to support his argument that the evidence should have been excluded. The facts in *Pittman* are distinguishable. The defendant was convicted of a single count of sexual assault of a child. *Id.* at 566. Extraneous offense evidence was admitted at trial of appellant's extensive involvement with a child sex ring, "continuing course of sexual abuse," and drug use. *Id.* at 568, 572. We held that the trial court abused its discretion in admitting the evidence because it "took up a vast amount of time and was repeated by many witnesses" and "the State focused extensively on the extraneous-offense evidence throughout appellant's trial, from opening statement, through the direct examination of witnesses, to closing argument." *Id.* at 575. Unlike the facts of this case, *Pittman* did not involve signature crimes: the offense for which the defendant was convicted differed significantly from the extraneous offense evidence. *See id.* at 574 (noting appellant was on trial for a single offense of aggravated sexual assault of a child; whereas, the proffered extraneous offense evidence involved evidence of appellant's drug use and involvement with a child sex ring). We also note that article 38.37, section 2 became effective in 2013, three years after *Pittman* was decided.

**6.** Appellant also complains that the jury was entitled to make an impermissible inference that appellant was a child predator and that the risk of such inference could have been "minimized through a limiting instruction." Appellant neither proposed a specific limiting instruction below nor does so on appeal and thus has not preserved this issue for our review. *See Wells v. State*, 241 S.W.3d 172, 179 (Tex.App.—Eastland 2007, pet. ref'd) ("A request for a limiting instruction must inform the trial court as to what limitations should be placed upon the evidence."). Moreover, the limiting instruction provided by the trial court tracks the language of article 38.37, section 2, so it does not permit the jury to make an impermissible inference.

Appellant challenges the constitutionality of article 38.37 in his second and third issues. There are two types of challenges to the constitutionality of a statute: as applied or facial. *State v. Rosseau*, 396 S.W.3d 550, 555 (Tex.Crim.App. 2013). The party raising the challenge bears the burden of establishing the statute's unconstitutionality in both a facial or as applied attack. *Id.* at 557. To be successful when raising a facial challenge to a statute, the party must establish that no set of circumstances exists under which that statute would be constitutionally valid. *Id.* (citing *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.1992) ("A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid.")). With regard to an as applied challenge to a statute, the party must establish that a statute is unconstitutional as applied to his particular set of facts and circumstances. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim.App.2011).

With regard to any constitutional challenge to a statute, our review is conducted in light of the presumption that the statute is valid. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Harris v. State*, 475 S.W.3d 395, 398–400 (Tex.App.—Houston [14th Dist.] 2015, pet. ref'd). We presume that the Legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel*, 561 S.W.2d at 511; *Harris*, 475 S.W.3d at 398–400.

## A. Separation of Powers Doctrine Not Implicated

Appellant argues that the legislature, in enacting article 38.37, violated the separation of powers doctrine in the Texas Constitution and interfered with judicial core power by (1) requiring a trial court to admit evidence of extraneous offenses, (2) allowing a prosecutor "the power to obtain a de facto consolidated trial," and (3) "unduly interfering with a trial court's nondiscretionary [obligation] to conduct a Rule 403 analysis." Accordingly, appellant brings a facial challenge to the constitutionality of the statute. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex.Crim.App. 2015) ("A facial challenge is an attack on a statute itself as opposed to a particular application.").

The separation of powers doctrine, as articulated in article II, section 1 of the Texas Constitution, states the following:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1. To establish a violation, appellant must show that one department has assumed, or has been delegated, to whatever degree, a power that is more "properly attached" to another or that one department has so unduly interfered with the functions of another that the other department cannot effectively exercise its constitutionally assigned powers. *Wilkerson v. State*, 347 S.W.3d 720, 724 (Tex.App.—Houston [14th Dist.] 2011, pet. ref'd). The Texas Constitution conferred upon the judiciary the following core powers: "(1) to hear evidence; (2) to decide issues of fact raised by the pleadings; (3) to decide relevant questions of

law; (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence." *State v. Williams*, 938 S.W.2d 456, 458–59 (Tex. Crim.App.1997).

**Trial Court Discretion to Admit or Exclude Extraneous Offense Evidence Not Supplanted.** Appellant argues that the legislature, in enacting 38.37, section 2, supplanted "or unduly abridged" the judiciary's decision making power to exclude extraneous offense evidence. We first look to the plain language of article 38.37 to determine its meaning. *Ford v. State*, 305 S.W.3d 530, 537 (Tex.Crim.App. 2009). Section 2 states that extraneous offense evidence "may be" admitted after the trial court conducts a hearing and makes the proper determination. Tex. Crim. Proc.Code art. 38.37 § 2(b). It does not state that the evidence "shall be" or "must be" admitted. *See Ford*, 305 S.W.3d at 537 (construing language in Texas Code of Criminal Procedure article 28.01, § 1(6) permitting trial court to hear motions to suppress evidence before trial). By contrast, section 1 *requires* a trial court to admit evidence of certain extraneous offenses: "Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense *shall be* admitted for its bearing on relevant matters . . . ." Tex.Code Crim. Proc. art. 38.37 § 1(b) (emphasis added).

Because the legislature used the permissive term "may" in section 2 and the mandatory term "shall" in section 1, we conclude that under the plain language of the statute, the legislature intended to establish a discretionary procedure allowing, but not requiring, the trial court to admit extraneous offense evidence under section 2 after it conducts a hearing and makes the proper determination. *See Ford*, 305

S.W.3d at 539; *see also* Tex.Code Crim. Proc. art. 38.37 §§ 2(b), 2–a. As the trial court has discretion under the statute to admit or exclude the evidence, section 2 does not infringe on the trial court's decision making power.

**Not a De Facto Consolidated Trial.** Appellant contends that article 38.37, section 2 also allows the prosecutor to obtain a de facto consolidated trial by circumventing a trial court's order denying consolidation or granting severance of multiple charges. As appellant notes, the rule allowing severance is based on two concerns: "(1) that the jury may convict a 'bad man' who deserves to be punished—not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes, he probably committed the crime charged." *Llamas v. State*, 12 S.W.3d 469, 471–72 (Tex.Crim.App.2000).

Although article 38.37, section 2 allows the trial court to admit evidence of extraneous offenses, the trial court nevertheless has the discretion to exclude evidence of extraneous offenses when these concerns are present. Indeed, the requirement for the trial court to determine whether the evidence "will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt" is a safeguard against the jury convicting the defendant on an improper basis. *See* Tex.Code Crim. Proc. art. 38.37 § 2–a(1). The prosecutor's proffer of extraneous offense evidence does not compel the trial court to admit it and thus does not result in a de facto consolidated trial.

**Trial Court Discretion Retained to Exclude Evidence under Rule 403.** Appellant also argues that article 38.37, section 2 unconstitutionally interferes with

a trial court's ability to conduct a balancing test under Rule 403 by expanding the trial court's analysis to include considerations of character and character conformity as relevant matters. However, the statute restricts the application of Rules 404 and 405, not Rule 403. As discussed above, when evidence of a defendant's extraneous acts is relevant under article 38.37, section 2, the trial court still is required to conduct a Rule 403 balancing test upon proper objection or request and still can exclude the evidence under Rule 403. *Belcher*, 474 S.W.3d at 847–48.

■■■ While article 38.37 expands a trial court's analysis under Rule 403 of the probative value of qualifying extraneous offense evidence by allowing the trial court to consider character conformity evidence, this expansion does not infringe upon the powers of the judiciary. An evidentiary statute trumps a rule of evidence adopted by the courts. *Hitt*, 53 S.W.3d at 704. The Texas Constitution specifically authorizes the legislature to write rules of evidence. Tex. Const. art V, § 31. Article V, section 31(c) permits the legislature to partially delegate its evidentiary rule making authority to the judiciary, and it has partially delegated that authority to the Court of Criminal Appeals. *Id.* art. V, § 31(c); Tex. Gov't Code § 22.109; *see also* Tex. Gov't Code § 22.108 (concerning the rules of appellate procedure); *Hitt*, 53 S.W.3d at 704. However, article V, section 31 of the state constitution and section 22.109 of the Government Code expressly reserve to the legislature the right to disapprove of the rules of evidence promulgated by the Court of Criminal Appeals. *Hitt*, 53 S.W.3d at 704–05.

Article 38.37 is an evidentiary statute enacted by the legislature. *Id.* at 705. The enactment is consistent with the concept of limited delegation articulated in the state constitution and the Government Code. *Id.* Accordingly, the legislature did not infringe on the powers of the judiciary by making character conformity evidence admissible with regard to certain designated offenses. *See id.*

**Conclusion.** We conclude that appellant has not met his burden to establish that article 38.37, section 2 violates the separation of powers doctrine. The trial court retains discretion under the statute to exclude the extraneous offense evidence if it determines that the jury may make its finding of guilt or innocence on an improper basis or to exclude the evidence under Rule 403. Article 38.37 thus does not invade the province of the judiciary.

We overrule appellant's second issue.

### B. No Violation of Due Process Clause

■■■ In his third issue, appellant argues article 38.37, section 2 violates the Due Process Clause of the Fourteenth Amendment on its face and as applied because it erodes the accused's presumption of innocence and allows the defendant to be tried on charges not alleged in the indictment.[7] The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *Belcher*, 474 S.W.3d at 843–44. The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except

---

7. The State argues that appellant did not preserve error on his as applied challenge. Appellant objected to the constitutionality of the statute "under the Fifth, Sixth, Seventh [and] Fourteenth Amendment due process rights."

We need not decide whether appellant preserved error on this issue, as we conclude that the statute is constitutional on its face and as applied.

in accordance with fair procedures. *Id.* To establish a due process violation, appellant must show that the challenged statute or rule violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency." *Id.* at 844 (citations omitted). The key question is whether the challenged statute impermissibly lowers the State's burden of proof. *See id.* at 846–47.

■ **No Erosion of Presumption of Innocence.** This court has previously held that article 38.37, section 2 does not invade due process by undermining the presumption of innocence or lowering the State's burden of proof because the State still is required to prove every element of the charged offense beyond a reasonable doubt. *Harris,* 475 S.W.3d at 402–04. The Tyler Court of Appeals similarly has held that the safeguards under the statute "protect[ ] the defendant against the admission of evidence that is so prejudicial as to deprive the defendant of a fair trial": (1) the trial court still must conduct a balancing test under Rule 403, if requested; (2) the trial court must conduct a hearing out of the jury's presence to determine that the evidence likely to be admitted will support a jury finding that the defendant committed the separate offense beyond a reasonable doubt; and (3) the defendant's ability to investigate and prepare to confront evidence of other sexual misconduct is furthered by the statute's mandate that the State give the defendant thirty days' notice of its intent to introduce such evidence. *Belcher,* 474 S.W.3d at 846–47; *see also Robisheaux,* 483 S.W.3d at 210–13 (incorporating "holdings and analyses" from *Harris* and *Belcher* and concluding article 38.37, section 2 does not violate due process).

In the present case, the trial court instructed the jury on appellant's presumption of innocence and the State's burden of proof. *See Harris,* 475 S.W.3d at 403–04. The court also charged the jury regarding its ability to consider the extraneous offense, i.e., that the offense could be considered only if the jury believed beyond a reasonable doubt that appellant committed it. *See id.*

■ **Fair Notice of Charged Offense.** A criminal defendant is entitled to fair notice of the specific charged offense. U.S. Const. amend. VI; Tex. Const. art. I, § 10. The jury charge must set forth the law applicable to the case. Tex.Code Crim. Proc. art. 36.14. The State is bound by the allegations in the charging instrument. *Crenshaw v. State,* 378 S.W.3d 460, 465 (Tex.Crim.App.2012). Evidentiary matters need not be alleged in the indictment to provide a defendant with sufficient notice. *Id.* at 466. However, a jury charge must not enlarge the offense alleged and authorize the jury to convict the defendant on a basis or theory permitted by the jury charge but not alleged in the indictment. *Trevino v. State,* 470 S.W.3d 660, 663 (Tex.App.—Houston [14th Dist.] 2015, pet. ref'd).

Appellant contends that article 38.37, section 2 allows a defendant to be tried on charges not alleged in the indictment based on his extraneous offenses. Although the indictment binds the State to proving the specific offense alleged beyond a reasonable doubt, it does not limit the manner, method, or type of evidence the State may introduce. *Crenshaw,* 378 S.W.3d at 466; *see also Wilson v. State,* 825 S.W.2d 155, 159 (Tex.App.—Dallas 1992, pet. ref'd) ("The indictment need not allege evidentiary matters for the purpose of notice when the charging instrument clearly states the offense charged."). Article 38.37, section 2, as an evidentiary rule,

allows the State to introduce evidence of extraneous offenses only to support the theory that appellant committed the *charged offense. See Hitt,* 53 S.W.3d at 705 (describing statute as an evidentiary rule).

 Appellant was indicted for inducing K.T. to engage in sexual conduct. The jury was instructed in the jury charge on the elements of that offense and to find appellant guilty only if it found beyond a reasonable doubt that appellant committed that offense or a lesser included offense. The jury was further instructed that if it determined that appellant committed the extraneous offense beyond a reasonable doubt, it could consider the extraneous offense evidence only for the "bearing [it] has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." The jury was not entitled under the jury charge to convict appellant for the extraneous offense. Similarly, in offering such evidence, the State was not seeking a conviction on the extraneous offense. Accordingly, the State was not required to include notice of its intention to introduce extraneous offense evidence in the indictment.[8]

**Conclusion.** Article 38.37, section 2, on its face and as applied to appellant, does not erode the presumption of innocence or allow appellant to be tried on charges not alleged in the indictment based on the extraneous offense.

We overrule appellant's third issue.

### *Conclusion*

We affirm the judgment of the trial court.

---

**8.** We note that the requirement for the State to give thirty days' notice of its intention to offer extraneous offense evidence alleviates any concern that a defendant's right to fair notice will be violated. *See* Tex.Code Crim. Proc. art. 38.37 § 3. This is a longer notice period than that required to amend an indictment. *See id.* art. 28.10(a) (requiring notice to defendant of amendment of "a matter of form or substance in an indictment" and giving defendant 10 days to respond).