

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00338-CR

_____

DAVID JOE ROWLAND, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1443877D

Before Sudderth, C.J.; Meier and Kerr, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

A jury convicted appellant David Joe Rowland of burglarizing a building, and the trial court sentenced him to eight years in prison. On appeal, Rowland argues in one issue that the trial court, by admitting evidence that he absconded from an earlier trial setting, reversibly erred. We affirm.

## I. Background generally

Matthew Bruce, who was working security at Harbor One on Eagle Mountain Lake shortly after midnight on October 22, 2015, heard a loud metallic crash coming from the other side of Flight, a restaurant. Going over to investigate, Bruce observed two men pushing a metal box up a grassy slope and a BMW with temporary-license-plate number 688-085D. Per his security company's protocol, Bruce instructed the two men to leave; after loading the metal box in the BMW, the men complied. Checking the area around Flight, Bruce found nothing suspicious, such as broken windows.

Later that morning, around 9:00 a.m., when Flight's manager, Keith Armstrong, arrived for work, he discovered that the restaurant's small safe was missing. Alarmed, Armstrong first called Flight's owner, David Bryan, to determine whether he had moved it; when Armstrong learned that Bryan had not, he then called 9-1-1. Later Bryan came to the restaurant, and both men reviewed its surveillance videos. They had no difficulty identifying Rowland by name as one of the two men on

2

the video and inside the locked restaurant that night: both knew Rowland as Flight's general contractor for renovations and repairs.

Further tying Rowland to the burglary, Bruce—the security guard—identified Rowland in court as one of the two men he saw on October 22, 2015.

As for the temporary-license-plate number that Bruce took down, Detective Carlos Cespedes determined that Rowland was the BMW's owner.

During trial, over Rowland's objection, the State put on evidence that he had appeared at an earlier trial setting and was arraigned but then failed to return for jury selection.

## II. Rowland's appellate complaint

In his only issue, Rowland argues that the trial court erred by admitting evidence that he had left during a previous court setting because the probative value of that evidence was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. We disagree.

### A. Background

Before the State presented evidence that Rowland had absconded at an earlier trial setting, Rowland himself testified outside the jury's presence to explain why. He asserted that his previous attorney was not ready for trial and, in support of that proposition, noted that his attorney had orally moved for a continuance.

Underscoring Rowland's distrust of his previous attorney, Rowland and defense counsel then engaged in the following direct examination:

3

Q. [Defense counsel] And so in regards to—in regards to—you were not really prepared to go to trial. You did not come back to court; is that correct?

A. [Rowland] Yes and no. I felt like [my previous attorney] didn't have my best interest at heart, and I didn't know what to do. It didn't have anything to do with me feeling guilt. I felt like I was going to be railroaded, and I had already entered into discussions with another attorney. And I was—that helped to use that $5,000 to get another attorney to help represent me.

Their dialogue continued:

Q. So you didn't run because you felt—because of your guilt or presumption o[f] guilt or inclination of guilt. You're telling the Court that you didn't come back after being arraigned so you could seek different counsel; is that right?

A. That was my thinking yes, because I showed up to every court setting, wanting this to be behind me. I wanted it resolved. I didn't understand why we were going to court for a civil matter between myself and [Bryan].

But Rowland later admitted that changing counsel was not one of the reasons he articulated when moving for a continuance at the earlier setting. And after absconding in February 2017, Rowland further admitted that he did not turn himself in. When finally arrested in August months later, the record showed that he had pleaded indigence, and the trial court appointed him counsel.

Over Rowland's objection that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, the trial court permitted the State to present its evidence. *See id.*

**B. Law pertaining to escape or flight[1]**

Evidence that the defendant fled or escaped is admissible as a circumstance from which the factfinder may infer guilt. *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994), *cert. denied*, 515 U.S. 1162 (1995). To warrant admissibility, the escape or flight must relate to the offense being prosecuted. *Id.*; *Guajardo v. State*, 378 S.W.2d 853, 856 (Tex. Crim. App. 1964) ("The [S]tate had the right to prove flight by appellant as evidence of his guilt. Proof that he failed to appear for trial and that his bond was forfeited was admissible as evidence tending to show flight."). To exclude such evidence under relevancy challenges, the burden shifts to the defendant to affirmatively show that the escape or flight was directly connected to some other transaction and, further, was not connected to the offense at trial. *Bigby*, 892 S.W.2d at 883.

Because escape and flight are evidence "of a circumstantial nature," their admissibility is "not conditioned on a showing that guilt is the only reasonable conclusion." *Hodge v. State*, 506 S.W.2d 870, 873 (Tex. Crim. App. 1974) (op. on reh'g). If the defendant offers evidence that the escape and flight may have arisen from some other cause, but its connection to the offense on trial remains a logical one, the evidence would still be admissible; in that instance, the defensive "other cause" evidence simply goes to the weight to give the evidence. *Id.*

---

[1]Flight the action, not the restaurant.

## C. Standard of review

As long as the result is not outside the zone of reasonable disagreement, we uphold a trial judge's decision to admit evidence. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). When reviewing the trial court's rule 403 determination, we are to reverse the trial court's decision rarely and only upon a clear abuse of discretion. *Distefano v. State*, 532 S.W.3d 25, 32 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). In determining whether the trial court abused its discretion, we balance

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these factors may well blend together in practice.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006) (footnote omitted); *see Distefano*, 532 S.W.3d at 32.

The test for an abuse of discretion is not whether the facts present an appropriate case for the trial court's actions but whether the trial court acted without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (relying on *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986)). Put another way, the test is whether the trial court acted arbitrarily or unreasonably. *Id.* Simply

6

because the trial court decided a matter within its discretionary authority in a manner different than an appellate judge would have in a similar circumstance does not show an abuse of discretion. *Id.*

**D. Discussion**

Rowland contends his testimony shows that his absence was not in any way related to the offense charged but was, instead, related to his fear that his attorney would render ineffective assistance, so—he concludes—to the extent the jury might attribute his absence to a guilty conscience, it would do so unfairly; thus, the probative value of attributing his absence to a guilty conscience would be substantially outweighed by the danger of unfair prejudice.

But Rowland's explanation—that he was afraid the jury would convict him because his attorney was allegedly not prepared—is directly connected to the offense at trial. As such, his attempt to explain his motive behind not returning as something other than a guilty conscience did not go to the evidence's admissibility but to its weight. *See Hodge*, 506 S.W.2d at 873.

The other balancing factors also favored admitting the evidence:

- Although the State had other evidence against Rowland, evidence showing that Rowland's own conduct circumstantially confirmed his guilt was substantively unique. *See Distefano*, 532 S.W.3d at 32.

- Flight is a proper basis from which to infer guilt. *See Bigby*, 892 S.W.2d at 883.

- Guilt was not collateral but was central to the trial. *See Distefano*, 532 S.W.3d at 32.

- Neither Rowland nor the State addressed the significance of his absconding during final arguments. The State made no effort to have the jury give this evidence undue weight. *See id.* It was but one piece among many.

- The State's testimony did not require inordinate time. *See id.* Its witness testified without elaboration or fanfare that Rowland had appeared for his arraignment at the earlier trial setting but had failed to return for jury selection. For his part, Rowland briefly cross-examined the State's witness but presented no evidence attempting to explain his conduct to the jury.

We hold that the trial court's decision to admit the evidence did not fall outside the zone of reasonable disagreement, so the trial court did not abuse its discretion by admitting it over Rowland's rule 403 objection. *See Layton*, 280 S.W.3d at 240; *Montgomery*, 810 S.W.2d at 380.

## III. Conclusion

We overrule Rowland's sole issue and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 1, 2018

8