

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00516-CR

Kedreen Marque **PUGH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6053
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice[1]

Delivered and Filed: April 20, 2022

AFFIRMED

A jury convicted Kedreen Marque Pugh of possession of a controlled substance with intent to deliver. We reversed the conviction after sustaining appellant's first issue challenging the trial court's denial of his motion to suppress. The Court of Criminal Appeals reversed our judgment and remanded the case for consideration of appellant's second issue, which we did not previously

---

[1] This case was originally submitted on briefs before a panel consisting of Chief Justice Sandee Bryan Marion, Justice Martinez, and Justice Rios. Chief Justice Martinez has now assumed Chief Justice Marion's place and replaces her on remand in accordance with Rule 8(j)(iii) of our Internal Operating Procedures. Likewise, Justice Valenzuela has now assumed Justice Martinez's place and replaces her on remand.

reach. *See Pugh v. State*, 624 S.W.3d 565 (Tex. Crim. App. 2021). By his second issue, appellant challenges the admission of evidence of a firearm over his objection that the prejudicial effect of the evidence outweighed its probative value. We overrule appellant's second issue and affirm the trial court's judgment.

## BACKGROUND

Police officers pulled appellant over while he was driving and arrested him on an outstanding warrant. Appellant was placed in the back of a patrol vehicle, and Officer Johnny Lopez drove appellant to police headquarters. Meanwhile, Detective Joe Rios drove the car that appellant had driven to a gas station for appellant's wife to pick up. Detective Rios testified he had no intention of searching appellant's vehicle and did not initially search the vehicle. While on route to police headquarters, appellant told Officer Lopez that he had "stuff" in the car. Officer Lopez asked appellant to specify, and appellant responded that he had drugs and a small handgun in the car. Acting on appellant's statement, Detective Rios searched the vehicle and found shopping bags on the passenger seat and floorboard. The bags contained a loaded handgun, a mason jar containing heroin and cocaine, small jewelry bags, Ziplock bags, and a razor blade.

Appellant was charged with possession of heroin with intent to deliver in an amount greater than four grams but less than 200 grams. The trial court denied appellant's pre-trial motion to suppress his statement that he had drugs and a small handgun in the car. At trial, a recording of appellant's statement was admitted. The State also sought to admit evidence of the handgun and cocaine found in appellant's vehicle. Appellant objected on the basis that the evidence was more prejudicial than probative. The trial court sustained the objection as to evidence of the cocaine but overruled the objection as to evidence of the handgun. Consequently, the handgun, testimony about the officers' recovery of the handgun, and several pictures of the handgun were admitted into evidence. The jury found appellant guilty.

By his second issue, appellant challenges the admission of evidence of the handgun found in the car on the ground that the prejudicial value of the evidence outweighed its probative value.

### STANDARD OF REVIEW AND APPLICABLE LAW

"[A]s an appellate court, we review the trial court's decision to admit or exclude evidence under an abuse of discretion standard." *Jackson v. State*, 562 S.W.3d 717, 722 (Tex. App.—Amarillo 2018, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)). "So long as the trial court thus operates within the boundaries of its discretion, an appellate court should not disturb its decision, whatever it may be." *Johnigan v. State*, 69 S.W.3d 749, 755 (Tex. App.—Tyler 2002, pet. ref'd) (citation omitted). We will reverse a trial court's evidentiary ruling only if it lies outside of the zone of reasonable disagreement. *Id*.

Rule 403 of the Texas Rules of Evidence provides that a trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Rule 403 "favors the admission of relevant evidence, and such is presumed to be more probative than prejudicial." *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006) (citation omitted). When determining whether evidence is admissible or should be excluded under Rule 403, a trial court balances, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Rule 403 does not require this balancing test to be performed on the record. *Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

**DISCUSSION**

We hold the trial court did not abuse its discretion by admitting evidence of the handgun. The first balancing factor under Rule 403 is the probativeness of the evidence. *Mechler*, 153 S.W.3d at 440. Probativeness refers to "how compellingly the evidence serves to make a fact of consequence more or less probable." *Id.* Here, the indictment charged appellant with possession of heroin "with intent to deliver." Due to the nature of the allegation, the State had the burden of proving the specific intent of appellant. *See Puente v. State*, 888 S.W.2d 521, 527 (Tex. App.— San Antonio 1994, no pet.). Evidence of the handgun was probative to show appellant's "intent to deliver" heroin in a way that evidence of cocaine was not, and numerous courts have drawn the connection between firearms and the drug trade. *See, e.g.*, *Plummer v. State*, 410 S.W.3d 855, 859 (Tex. Crim. App. 2013) ("[D]rug dealers frequently use guns to protect themselves and their merchandise."); *Carmouche v. State*, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000) (noting weapons are frequently associated with drug transactions); *Hill v. State*, 913 S.W.2d 581, 593 (Tex. Crim. App. 1996) ("[Firearms] are commonly used in the drug trade to protect the contraband."); *United States. v. Bonner*, 874 F.2d 822, 824 (D.C. Cir. 1989) ("As common sense, and bitter experience, would suggest, the law has 'uniformly . . . recognized that substantial dealers in narcotics possess firearms and that such weapons are as much tools of the trade as more commonly recognized drug paraphernalia.'") (quotations omitted); *see also Pugh*, 624 S.W.3d at 569 (discussing loaded handgun and other paraphernalia suggesting appellant was dealer of heroin).

The second factor looks to whether the evidence had the potential to impress the jury in some irrational but indelible way. *Mechler*, 153 S.W.3d at 440. Rule 403 does not exclude all prejudicial evidence, rather, it focuses on the danger of unfair prejudice. *Id.* Evidence of the handgun is prejudicial but is not unfairly prejudicial because the evidence directly relates to the charged offense, which required intent to deliver. *See id.* ("'Unfair prejudice' refers only to

relevant evidence's tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged.").

The third factor looks to the time needed to develop the evidence, during which the jury may be distracted from considering the indicted offense. *Id.* at 441. Evidence of the handgun was probative of appellant's intent to deliver, as alleged in the indictment, and could not have distracted the jury. *See id.* ("Because the intoxilyzer results relate directly to the charged offense, a jury could not be distracted away from the charged offense regardless of the required time to present the results.").

The last factor focuses on the proponent's need for the evidence to prove a fact of consequence. *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). Here, the State used evidence of the handgun to establish appellant's intent to deliver a controlled substance. Evidence of the handgun was cumulative of other paraphernalia suggesting appellant was a drug dealer. *See Pugh*, 624 S.W.3d at 569. Therefore, the fourth factor weighs against admissibility. Nevertheless, we hold the sum of all four factors supports the trial court's decision to admit the evidence. *See Mechler*, 153 S.W.3d at 441–42 (holding sum of factors weighed in favor of admissibility, although State did not have a great need for challenged evidence).

## CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH