# Court of Appeals
## Tenth Appellate District of Texas

10-25-00052-CR

John Edward Arender,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
County Court at Law of Navarro County, Texas
Judge Amanda Doan Putman, presiding
Trial Court Cause No. C42707-CR

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury found John Edward Arender guilty of possession of methamphetamine in the amount of more than one gram but less than four grams. The trial court found an enhancement paragraph to be true and sentenced Arender to 14 years in prison. We affirm the trial court's judgment.

**BACKGROUND**

In December of 2023, a caller to 911 told the operator that a person was

making a scene in the parking lot at Ollie's in Corsicana, Texas. The operator was also told that the same person had been in the store earlier and said he would "kill every [person] here." Officers were promptly dispatched to the store, and when they discovered that the described person was no longer in the parking lot, they entered the store and were directed to the employee breakroom in the back. As they approached the breakroom, they could hear a male and a female arguing. Because a code was required to enter the breakroom, the officers requested and received assistance from a store employee to unlock the door.

Once the door was opened, a male fitting the description given by the 911 caller, and soon thereafter identified as Arender, was escorted out of the room by two of the officers. When asked if he had any weapons on him, Arender showed the officers a large knife in a sheath on Arender's belt. One officer quickly removed the knife and placed it out of view. When asked if he had any other weapons, Arender directed the officer to his back pocket where brass knuckles were located and removed.

Arender was calm when talking to the officers but affirmed that earlier, he had wanted to hurt someone. He had been upset with his children's mother, who was the other person in the breakroom, claiming she would not let him see the children. While Arender spoke to one officer, another officer asked

dispatch to check for outstanding warrants. When an outstanding warrant was confirmed, Arender was arrested, taken out to a patrol vehicle, and searched. The search revealed a sealed straw in Arender's sock and a glass pipe in his backpack.

**EXTRANEOUS OFFENSE EVIDENCE**

In his first issue, Arender argues that the trial court erred in admitting extraneous evidence, specifically, two statements made in the 911 call and the large knife taken from Arender, because the evidence had no relation to the offense of possession of methamphetamine.

We review a trial court's decision to admit or exclude extraneous offense evidence for an abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022); *Holland v. State*, 702 S.W.3d 836, 838 (Tex. App.—Waco 2024, pet. ref'd). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). If the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed on appeal even if the trial judge gave the wrong reason for a correct ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

### *911 Statements*

Initially, Arender complains that the trial court erred in permitting two statements from the 911 call to be admitted into evidence during the guilt/innocence phase of his trial: (1) that someone, while in a local store, had threatened to "kill every [person] here;" and (2) that, after collecting more information, the 911 operator asked if this person said how he was going to kill everyone. Arender had objected to these statements in a pretrial hearing and again as the State sought to introduce the 911 call. The State contended that the statements were same-transaction contextual evidence and were necessary to explain why the police encountered Arender. We agree with the State.

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. TEX. EVID. R. 404(b)(1). However, such evidence may be admissible as same-transaction contextual evidence where several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, of any one of them cannot be given without showing the others. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (internal quotations and citations omitted). The jury is entitled to know all relevant surrounding facts and circumstances of the charged offense. *Id.*, *see also Inthalangsy v. State*, 634

S.W.3d 749, 756 (Tex. Crim. App. 2021). Nevertheless, same-transaction contextual evidence is admissible only when the offense would make little or no sense without also bringing in that evidence and is admissible only to the extent it is necessary to the jury's understanding of the offense. *Id.*

The statements made in the 911 call were necessary to explain why the police arrived at the store to look for Arender, first in the parking lot and then in the employee break room, why the officers escorted him out of the breakroom, why they asked Arender about weapons on his person, and how they learned of his outstanding warrant which then led to Arender's arrest and the discovery of the charged methamphetamine hidden in a sealed straw in Arender's sock. Without the context of the call, the jury would be confused and left wondering if the arrest was baseless. This is especially true when the female in the breakroom with Arender testified that she did not call the police and did not want the police to be called.

Although the trial court did not specify why Arender's objection to this evidence was overruled, the trial court did not abuse its discretion in admitting these statements as same-transaction contextual evidence as the State had argued.

### *Knife*

Arender also contends that the trial court erred in permitting evidence

of a large knife taken from Arender to be introduced. Evidence of the knife was captured on an officer's body-cam video. Again, Arender objected to the admission of evidence concerning the knife during a pretrial hearing and as the body-cam video was introduced at trial. The State asserted in the trial court that the knife was also same-transaction contextual evidence. On appeal, however, the State abandons its same-transaction contextual evidence assertion and contends that the knife could not be extraneous evidence of a crime, wrong, or act, because no one at trial said the knife was illegal.[1] Thus, the State's argument continues, the knife was admissible.

Regardless, assuming without deciding that the trial court abused its discretion in overruling Arender's objection to evidence of the knife, we cannot say that Arender was harmed. The erroneous admission of evidence is generally non-constitutional error governed by Texas Rule of Appellate Procedure 44.2(b). *See Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018); *Jones v. State*, 690 S.W.3d 114, 121 (Tex. App.—Waco 2024, pet. ref'd). *See also Graves v. State*, 452 S.W.3d 907, 914 (Tex. App.—Texarkana 2014, pet. ref'd) (extraneous evidence). Thus, we must disregard non-constitutional error that does not affect a criminal defendant's "substantial rights." *See* TEX.

---

[1] The carrying of a knife is generally not illegal, *see* Acts 2017, 85th Leg., ch. 1049 (H.B. 1935), § 4, effective September 1, 2017 (current version at TEX. PENAL CODE § 46.02), but it could be considered an extraneous bad act.

R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Under that rule, we may not reverse for non-constitutional error if we, after examining the record as a whole, have fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Id.* If the error did not influence the jury, or had, but very slight effect, the verdict and the judgment should stand. *Thomas v. State*, 505 S.W.3d 916, 926 (Tex. Crim. App. 2016).

In this case, Arender did not dispute possessing the methamphetamine; rather, he disputed the amount he possessed. Further, the knife itself was not introduced into evidence. It was only depicted briefly in the officer's body-cam video. Neither witnesses nor counsel called the knife to the jury's attention. There were no questions or commentary related to the knife in voir dire, and neither the State nor defense counsel mentioned the knife in opening or closing. Additionally, the jury charge contained an extraneous offense/bad acts limiting instruction. Consequently, after examining the record of the trial as a whole, we have fair assurance that evidence of the knife did not have a substantial and injurious effect or influence in determining the jury's verdict.

Arender's first issue is overruled.[2]

---

[2] Arender mentions Rule 401 and Rule 403 in its statement of the law under this issue but provides no analysis as to why or whether the trial court's decision was erroneous in light of these rules. Accordingly, to the extent Arender argues these rules in this issue, his arguments are improperly

## LIMITING INSTRUCTION

Next, Arender complains that the trial court erred in failing to give limiting instructions as requested at the time the complained of extraneous evidence was admitted.

Upon proper request, a limiting instruction is to be given at the time the evidence is admitted. TEX. R. EVID. 105(a); *Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996) (op. on orig. submission). A trial court does not have the discretion to postpone it. *Id.* However, when same-transaction contextual evidence is admitted, Rule 404(b) is not implicated, and a defendant is not entitled to any limiting instruction concerning the use of that evidence. *Delgado v. State*, 235 S.W.3d 244, 253 & n.37 (Tex. Crim. App. 2007); *Castaldo v. State*, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002).

Because we have determined the trial court did not abuse its discretion in admitting the 911-call statements as same-transaction contextual evidence, it did not err in failing to grant a limiting instruction when the statements were admitted.

As to the knife, assuming without deciding that Arender's complaint is

---

briefed and present nothing for review. *See* TEX. R. APP. P. 38.1(i); *Solis v. State*, 726 S.W.3d 394, 412 (Tex. Crim. App. 2025).

preserved[3] and that the trial court erred in failing to give a limiting instruction at the time the video of the knife was admitted, error, if any, is harmless. The failure to give a timely limiting instruction pursuant to Rule of Evidence 105(a) is non-constitutional error. *See Jones v. State*, 119 S.W.3d 412, 424 (Tex. App.—Fort Worth 2003, no pet.). In addition to our noted reasons in Arender's first issue for finding no harm, we note that the possession of a knife is not a more heinous act than possession of methamphetamine and that the introduction of the video depiction of the knife and the court's charge were not too far apart—the video was introduced in the late morning and the charge was read in the late afternoon on the same day. *See Jones v. State*, 944 S.W.2d 642, 654 (Tex. Crim. App. 1996); *Jones*, 119 S.W.3d at 424-25.

Accordingly, after examining the record of the trial as a whole, we have fair assurance that the failure to give a contemporaneous limiting instruction regarding the knife did not have a substantial and injurious effect or influence in determining the jury's verdict.

Arender's second issue is overruled.

---

[3] It could be argued that Arender's requests for limiting instructions were not preserved because he did not specify what limits should be placed on the evidence. *See Wells v. State*, 241 S.W.3d 172, 179 (Tex. App.—Eastland 2007, pet. ref'd); *see also Distefano v. State*, 532 S.W.3d 25, 34 n.6 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

LEE HARRIS
Justice

OPINION DELIVERED and FILED: June 4, 2026

Before Chief Justice Johnson,
   Justice Smith, and
   Justice Harris
Affirmed
Do Not Publish
CR25

