

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00101-CR

**THOMAS ALLEN HADAWAY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

## From the 18th District Court
## Johnson County, Texas
## Trial Court No. DC-F202000702

## MEMORANDUM OPINION

Thomas Allen Hadaway was convicted of three counts of Aggravated Sexual Assault of a Child and sentenced to 85 years in prison with a $10,000 fine for each count. Because the trial court did not err in failing to conduct a Rule 403 balancing test on the record and because the evidence is sufficient to support the three convictions, the trial court's judgments are affirmed.

**BACKGROUND**

On November 14, 2000, then sixteen-year-old S.R. left her house in Fort Worth,

Texas to walk to a friend's house. While walking, Hadaway approached her in his small pickup-truck and offered her a ride. Although she was not far from her intended destination, she accepted Hadaway's offer because she was cold and tired of walking. Instead of dropping S.R. off at her friend's house, he drove her to a cemetery in Johnson County, where he anally and vaginally penetrated her. After promising to take S.R. to her destination, he told S.R. that if she did what he told her, she would not be hurt. While traveling in Hadaway's vehicle, S.R. saw a folded knife on the dashboard. At the end of the sexual assault at the cemetery, Hadaway left the area with S.R., but soon stopped underneath a bridge, where Hadaway again vaginally penetrated her. Afterward, Hadaway dropped off S.R. near her friend's house in Fort Worth, where S.R. contacted law enforcement about what had happened and was later examined at a hospital.

BALANCING TEST

In his first issue, Hadaway complains that the trial court failed to conduct its balancing test under Texas Rule of Evidence 403 on the record when Hadaway objected to the admission of evidence, complaining that its prejudicial effect outweighed its probative value. Texas Rule of Evidence 403 provides that evidence, even if relevant, may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. TEX. R. EVID. 403. The rule does not require the balancing test be performed on the record. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). *See also Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Yates v. State*, 941 S.W.2d 357, 367 (Tex. App.—Waco 1997, pet. ref'd). In overruling a Rule 403 objection, a trial court is presumed to have performed the required balancing test and

determined the evidence was admissible.  *Id*.

Accordingly, because the trial court was not required to conduct a balancing test on the record, Hadaway's first issue is overruled.

SUFFICIENCY OF THE EVIDENCE

In his second, third, and fourth issues, Hadaway contends the evidence is insufficient to support the verdict in each count.  Specifically, as to Count One, Hadaway contends the evidence is insufficient to prove the element of penetration of S.R.'s anus. Further, as to all three counts, Hadaway contends the evidence is insufficient to prove S.R. was placed in fear of serious bodily injury or in fear of kidnapping, or that Hadaway used or exhibited a deadly weapon, that being, a knife.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).  This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319.  We may not re-weigh the evidence or substitute our judgment for that of the factfinder.  *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence.  *Villa*, 514 S.W.3d at 232.  Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial.  *Cary v. State*, 507 S.W.3d 750, 757 (Tex.

Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

### *Hadaway's' Complaints*

Initially, Hadaway contends the evidence is insufficient to establish he penetrated S.R.'s anus as alleged in Count One of the indictment because there was no evidence of semen detected on the anal swab taken from S.R. after the assault. However, the State has no burden to produce any corroborating or physical evidence. *See Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence."), *aff'd,* 206 S.W.3d

620 (Tex. Crim. App. 2006). Here, S.R. testified that Hadaway penetrated her anally with his "private part;" and because the jury could determine her credibility and accept her testimony, a rational trier of fact could have found Hadaway penetrated S.R.'s anus beyond a reasonable doubt.

Hadaway next asserts there was insufficient evidence to prove in Counts One, Two, and Three that he either placed S.R. in fear of serious bodily injury, or threatened S.R. with serious bodily injury or with kidnapping, or used or exhibited a deadly weapon, that being, a knife.[1] To support his assertions, Hadaway relies on S.R.'s testimony during cross-examination that Hadaway never said anything about killing her, he did not hold a knife to her face or hold her down, a "little switchblade knife" was folded up and on the dash of the vehicle but Hadaway never grabbed it or held it up or pointed it at her, the knife was not mentioned by Hadaway, and much of the ride with Hadaway was quiet and without conversation.

In addition to this testimony, however, S.R. testified that while in the vehicle, Hadaway told her, "if I do what he told me to[,] he would take me back to where he picked me up at and drop me off." She saw the knife sitting on top of his dashboard with a pack of cigarettes. After she realized what was going on, she asked him if it was his wife and his daughter, how would he feel. She also told him she was a virgin, hoping he would not do anything to her. When asked on cross-examination if Hadaway had used force to rape her, such as holding her down or holding a knife to her face, S.R. responded,

---

[1] Hadaway does not dispute the knife was a deadly weapon. His only dispute is that there was insufficient evidence to show he "used or exhibited" the knife.

"He didn't hold a knife to my face or hold me down but I mean — I'm 16 and I'm in a grown man's truck and he's telling me to take my clothes off, that he ain't going to hurt me and he'll drop me off."

When they arrived at a cemetery in or around Cleburne, Johnson County, Texas, S.R. said she never tried to get out of Hadaway's pickup because she was scared: "I didn't know where I was. I didn't know — just scared. I've never been in nothing like that. I didn't know if I took off if he was going to catch me. I didn't know if he had someone waiting. He told me he was meeting someone." She testified that they were at the cemetery for at least an hour, and Hadaway sexually assaulted her the entire time. There were no houses by the cemetery, only factories that could be seen by the lights in the distance. What made her afraid was Hadaway telling her, "if you do what I tell you to…I won't hurt you." She knew she did not have a choice. When Hadaway finally told her that he was taking her home, S.R. was "[h]appy to go home, alive." Hadaway sexually assaulted S.R. one more time under a bridge after leaving the cemetery. S.R. was "[r]elieved, scared, ashamed" when Hadaway finally dropped her off.

When examining the evidence in aggravated sexual assault cases, we review the evidence overall and determine whether the acts, words, or deeds of the actor were sufficient to place a reasonable person in complainant's circumstances in fear of serious bodily injury. *See Blacklock v. State*, 611 S.W.3d 162, 168 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). It is not necessary to show a threat of serious bodily injury was communicated verbally. *Blacklock*, 611 S.W.3d at 168. The jury is entitled to consider a defendant's objective conduct and infer from the totality of the circumstances whether

the defendant's overall conduct placed the complainant in fear of serious bodily injury. *Id*. Accordingly, viewing the evidence in this case in the light most favorable to the jury's verdict, a rational trier of fact could have concluded that Hadaway's actions, words, or deeds would place S.R in fear of serious bodily injury.

With this decision, we need not determine whether the evidence was sufficient to prove Hadaway placed S.R. in fear of or threatened S.R. with kidnapping or used or exhibited a deadly weapon. When, as here, multiple theories of committing the same offense are submitted to the jury, the evidence is sufficient to support a conviction so long as the evidence is sufficient to support conviction for one of the theories submitted to the jury. *See Guevara v. State*, 152 S.W.3d 45, 52 (Tex. Crim. App. 2004); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). *See also Brickley v. State*, 623 S.W.3d 68, 75 (Tex. App.—Austin 2021, pet. ref'd).

Hadaway's second, third, and fourth issues are overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgments as to Count One, Count Two, and Count Three.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed November 2, 2023
Do not publish
[CRPM]

