**AFFIRMED and Opinion Filed January 29, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-22-01309-CR,

No. 05-22-01310-CR,

No. 05-22-01311-CR,

No. 05-22-01312-CR

**WILLIAM RAY MILLER, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**

**Trial Court Cause Nos. 20-50080-422-F, 20-00317-422-F, 20-00318-422-F,**

**20-50011-422-F**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Garcia

A jury convicted appellant of continuous sexual abuse of a child under fourteen and three counts of possession of child pornography. Punishment was assessed at life in prison on the sexual abuse charge and ten years and a $10,000 fine on each of the child pornography charges.

In two issues, appellant now argues the trial court erred in admitting evidence over his article 39.14 objection and erroneously admitted extraneous evidence

concerning sexual abuse of the complainant's childhood friend. Finding no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

Appellant's daughter, JG, outcried after her friend JL told the police that appellant sexually abused her when she visited JG's house as a child. JG was examined by a SANE nurse who found tears to JG's hymen consistent with vaginal penetration. JG told the nurse that she was sexually abused by her father when she was four years old, and the abuse continued until she was fourteen. During that period, the abuse occurred approximately five times a week. JG reported that her father took pictures during the abuse.

The police obtained a warrant and searched appellant's home. A black case containing CD's and DVD's was seized from the garage. A forensic investigator found child pornography on one of the discs. A red blanket was present in the images, and the investigator believed that JG was the child depicted in the images.

Prior to trial, the court held a 38.37 hearing to determine the admissibility of extraneous evidence concerning appellant's sexual abuse of JL, JG's childhood friend. Defense counsel objected that the extraneous offenses were irrelevant and highly prejudicial. The objection was overruled, and JL was permitted to testify at trial.

There were two trials in this case. The first began in March 2022. On the first day of trial, forensic investigator George York testified about State's Exhibit 60,

images of pornography on a DVD recovered from appellant's home. York also mentioned supplements to his report and defense counsel objected. Outside the presence of the jury, the court determined that neither the State nor defense counsel had possession of or had viewed the supplements. A records technician testified that the evidence had been properly submitted to the records department, but the records department erred by failing to send it to the District Attorney. Defense counsel moved for a mistrial and the State did not object. The trial court granted a mistrial.

A new trial began on December 5, 2022. Prior to trial, the court heard argument on appellant's motion to suppress Exhibit 60, or alternatively, to dismiss the charges based on the discovery error. The trial court denied the motion.

The case was tried to a jury. JG and the SANE nurse testified about appellant's sexual abuse of JG and JL gave extraneous offense testimony describing how appellant had sexually abused her. The forensic investigator testified, and State's Exhibit 60 was admitted into evidence. Appellant testified in his own defense. Upon conclusion, the jury found appellant guilty of continuous sexual abuse of a child under fourteen and three counts of possession of child pornography.

Neither side presented opening statements or witnesses during the punishment phase. The jury assessed punishment at life in prison on the sexual abuse charge and ten years with a $10,000 fine on each of the child pornography charges. This timely appeal followed.

## II.  ISSUES

### A.  The Article 39.14 Discovery Objection

Appellant's first issue argues the trial court erred in overruling the article 39.14 objection he made prior to the second trial. According to appellant, the State's "lack of due diligence," and law enforcement's "willful disregard of the discovery process" required exclusion of the evidence. This argument lacks merit.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). At the hearing on the motion, the trial court is the sole factfinder and judge of the credibility of the witnesses and of the weight to be given their testimony. *Id*. at 190. We therefore afford almost complete deference to the trial court's determinations of historical facts. *Id*. But we review de novo the legal significance of the facts found by the trial court. *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 35 (Tex. Crim. App. 2017).

It is well-established that "evidence willfully withheld from disclosure under a discovery order should be excluded from evidence." *See Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978). But the rules regarding criminal discovery were changed with the enactment of the Michael Morton Act in article 39.14(a). That statute requires that "as soon as practicable after receiving a timely request from the defendant the state shall produce" certain categories of items in discovery. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a). The statute requires only a request, rather than

a court order, to trigger the State's duty to produce discovery. However, the statute does not include a definition for what is "as soon as practicable," nor does it include any remedies for failure to comply with the request. *State v. Heath*, 642 S.W.3d 591, 596 (Tex. App.—Waco, 2022, pet. granted).

When determining the type of relief available for noncompliance with the Act, appellate courts have concluded that appropriate remedies include granting continuances or excluding evidence not timely produced. *See Ex parte Highsmith*, 652 S.W.3d 850, 858 (Tex. App.—Austin 2022, pet. ref'd); *Heath*, 642 S.W.3d at 597–98 (observing that trial courts may fashion remedy for noncompliance with Act, including granting continuance or excluding evidence not timely produced); *In re State*, 605 S.W.3d 721, 726, 727 (Tex. App.—Houston [1st Dist.] 2020, orig. proceeding) (observing that "exclusion of evidence" is "sanction that is generally accepted as the remedy for violations of article 39.14.").

Here, appellant fails to explain how the evidence was untimely disclosed before the second trial or identify any evidence in the record suggesting that law enforcement "willfully disregarded" the discovery process. Exhibit 60 was made available to and viewed by the defense prior to the first trial, and defense counsel so conceded during the hearing. Although the supplements to Exhibit 60 were not produced prior to the first trial, they were made available after the mistrial and before the second trial began. Despite having timely disclosed the supplements before the second trial, the State agreed not to use the supplements at trial.

Appellant requested and received a mistrial at the end of his first trial when the article 39.14 error was discovered, and the State's agreement not to use the supplemental material in the second trial was the functional equivalent of suppression. Thus, the record reflects that appellant received both available remedies under article 39.14. *See Highsmith*, 652 S.W.3d at 858. There is nothing to establish the trial court erred in concluding that appellant was not entitled to additional relief. Appellant's first issue is resolved against him.

## B.    Admission of Extraneous Evidence

JG's childhood friend JL was nineteen when she testified at trial. She met JG when she was in second grade and the two were "pretty much inseparable" when they were young. Consequently, she saw appellant almost every weekend.

JL would sleep in the bottom bunkbed in JG's bedroom when she spent the night. Appellant would touch her vagina, rubbing on her shorts with his fingers when he believed she was asleep. JL estimated that this happened almost every weekend she spent with JG. She was nine when the abuse began, and it stopped when she was eleven.

Appellant's second issue argues the trial court erred in overruling his Rule 403 objection to this extraneous evidence. According to appellant, the evidence was not probative and was highly prejudicial.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). This

–6–

standard of review also applies to a trial court's decision to admit or exclude extraneous-offense evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd). We will not reverse a trial court's decision to admit or exclude evidence, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement. *De La Paz*, 279 S.W.3d at 343–44; *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). Furthermore, we will uphold a trial court's evidentiary ruling, even if the trial court's reasoning is flawed, if it is correct on any theory of law that finds support in the record and is applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016).

By enacting Article 38.37, the Legislature created an exception to the general exclusion of character evidence in criminal trials. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37; *Swegheimer v. State*, No. 02–17–00095–CR, 2018 WL 1528477, at *2 (Tex. App.—Fort Worth Mar. 29, 2018, pet. ref'd) (mem. op., not designated for publication); *Harris v. State*, 475 S.W.3d 395, 401 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Thus, at the trial of a defendant accused of, among other things, continuous sexual abuse of a child, evidence the defendant committed a separate sex offense against another child may be admissible under section 2 of article 38.37 "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a)(B), 2(b); *see also Kirk v. State*, No.

05-19-00768-CR, 2020 WL 5757338, at *5 (Tex. App.—Dallas Sept. 28, 2020, pet. ref'd) (mem. op., not designated for publication); *Strickland v. State*, No. 05-18-00170-CR, 2019 WL 2402983, at *3 (Tex. App.—Dallas June 7, 2019, no pet.) (mem. op., not designated for publication).

The admission of extraneous evidence under Article 38.37, Section 2(b), does not require that the defendant have been charged with, tried for, or convicted of the separate offense. *Castillo v. State*, 573 S.W.3d 869, 880–81 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). But before evidence under article 38.37 is introduced, the trial judge must conduct a hearing outside of the jury's presence to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a(1); *see also Kirk*, 2020 WL 5757338, at *5. In this case, as discussed above, an article 38.37 hearing was held, and the trial court ruled that the extraneous offense evidence was admissible.

When evidence of a defendant's extraneous acts is determined to be relevant and admissible under Article 38.37, Section 2(b), this evidence nonetheless remains subject to exclusion under Rule 403 if a proper objection or request is presented to the trial court. *Keller v. State*, 604 S.W.3d 214, 228 (Tex. App.—Dallas 2020, pet. ref'd) (citing *Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd)); *see* TEX. R. EVID. 403. Rule 403 allows the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Probative value is the measure of how strongly the evidence serves to make more or less probable the existence of a fact of consequence to the litigation, coupled with the proponent's need for the evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Unfair prejudice refers to a tendency to tempt the jury into finding guilt on an improper basis, such as an emotional one. *Id.* Confusion of the issues refers to "a tendency to confuse or distract the jury from the main issue in the case." *Id.*

When undertaking a rule 403 analysis, a trial court balances:

(1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018) (quoting *Giglioblanco*, 210 S.W.3d at 641–42); *see also Baker v. State*, No. 05-19-01051-CR, 2021 WL 1826829, at *2 (Tex. App.—Dallas May 7, 2021, pet. ref'd) (mem. op., not designated for publication). In practice, however, "these factors may well blend together." *Giglioblanco*, 210 S.W.3d at 642.

Appellant argues the extraneous evidence was not required to make a fact of consequence more or less probable because testimony from the SANE nurse corroborated JG's testimony, rendering the extraneous evidence "cumulative and highly prejudicial." We disagree.

Evidence of a separate sexual offense against a child admitted under article 38.37, section 2(b) is probative of a defendant's character or propensity to commit sexual abuses on children. *See Bradshaw v. State*, 466 S.W.3d 875, 883 (Tex. App.—Texarkana 2015, pet. ref'd). Moreover, the "plain language of Rule 403 does not allow a court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013).

Appellant testified at trial, and while he agreed that terrible things had happened to his daughter, he implied that JG was abused by her mother's boyfriend and that his son brought the child pornography to the house. He denied taking pictures of JG or being in them.

Therefore, the State's case against appellant rested on JG's testimony about the abuse. It was, in essence, appellant's word against JG's. *See Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd); *Gaytan v. State*, 331 S.W.3d 218, 227 (Tex. App.—Austin 2011, pet. ref'd). In "he said, she said" sexual molestation cases such as this, "[r]ule 403 should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or the complainant." *Hammer v. State*, 296 S.W.3d 555, 562, 568 (Tex.

–10–

Crim. App. 2009). In this instance, the evidence was probative and the State's need for the evidence was great. These factors weigh in favor of admission.

As for the third factor, we recognize that evidence of previous child sexual abuse is inherently inflammatory by nature and, hence, can be prejudicial. *Pawlak* 420 S.W.3d at 811; *Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd). Yet this potential was somewhat diminished in this case by the fact that the offense against JL was less severe because appellant touched JL through her clothing and there was no penetration of any kind. Further, unlike the ten-year period appellant abused his daughter, appellant's abuse of JL lasted three years. The prejudicial factor weighs slightly against admission.

Regarding the fourth factor, the ultimate issue in this case was whether appellant committed the offense against complainant as alleged in the indictment. The trial court mitigated the tendency of the extraneous offense evidence to confuse or distract the jury from the main issues at trial by instructing them to use it for the limited purpose of "determining the motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident of the defendant, if any, in connection with the offense, if any, alleged against him . . . in this case, and for no other purpose." The jury is presumed to have followed the court's instruction. *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003). Therefore, this factor weighs in favor of admission.

The fifth factor refers to evidence such as highly technical or scientific evidence that might mislead the jury because it is not equipped to weigh the probative force of the evidence. *Gigliobianco*, 210 S.W.3d at 641. In the present case, however, the evidence in question was neither scientific nor technical in nature, and it pertained to matters, including victim credibility, that could easily be understood by a jury. We conclude the fifth factor weighs in favor of admission.

Concerning the sixth and final factor, JL's testimony about the abuse comprised twenty pages out of 344 pages of the guilt/innocence phase in the reporter's record. *See, e.g., Gaytan*, 331 S.W.3d at 228 (disputed testimony was thirteen pages out of a 200-page trial transcript, and it was not repetitive of other evidence); *Kimberlin v. State*, No. 05-18-00018-CR, 2019 WL 1292471, at * 4 (Tex. App.—Dallas Mar. 21, 2019, no pet.) (comprising thirty-two pages of two volume reporter's record). Moreover, JL's testimony was not repetitive and was an important component of the State's case. Thus, this factor also weighs in favor of admission.

We conclude that the trial court, after balancing the rule 403 factors, could have reasonably concluded that the probative value of the evidence in question was not substantially outweighed by the danger of unfair prejudice and the other rule 403 factors. Accordingly, the trial court did not abuse its discretion in admitting the extraneous offense evidence.

## III.  CONCLUSION

Having resolved all of appellant's issues against him, we affirm the trial court's judgments.

/Dennise Garcia/

Do Not Publish                          DENNISE GARCIA
TEX. R. APP. P. 47.2(b)                 JUSTICE
221309F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM RAY MILLER, JR., Appellant

No. 05-22-01309-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas

Trial Court Cause No. 20-50080-422-F.

Opinion delivered by Justice Garcia. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 29, 2024



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

WILLIAM RAY MILLER, JR.,
Appellant

No. 05-22-01310-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial
District Court, Kaufman County,
Texas

Trial Court Cause No. 20-00317-422-F.

Opinion delivered by Justice Garcia.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 29, 2024



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

WILLIAM RAY MILLER, JR.,
Appellant

No. 05-22-01311-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 20-00318-422-F.
Opinion delivered by Justice Garcia.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered January 29, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

WILLIAM RAY MILLER, JR., Appellant

No. 05-22-01312-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas

Trial Court Cause No. 20-50011-422-F.

Opinion delivered by Justice Garcia. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 29, 2024