

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00384-CR

Juan **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR11560
Honorable Jennifer Peña, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:       Luz Elena D. Chapa, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2024

AFFIRMED

A jury convicted appellant Juan Sanchez of aggravated sexual assault of a child, and the trial court sentenced him to thirty years in prison. Sanchez appeals, claiming ineffective assistance of counsel. We affirm.

### BACKGROUND

A grand jury charged Sanchez with one count of aggravated sexual assault of a child. The indictment identified the complainant as N.L., a child younger than fourteen years of age. The

State offered Sanchez a pretrial plea bargain of up to fifteen years in prison, with the possibility of probation. Sanchez declined the offer on the record.

Before trial began, the State filed a notice of its intent to introduce evidence of extraneous offenses or acts between Sanchez and another child, K.Z.—the adopted sister of Sylvia Zapata, Sanchez's common law wife. On voir dire, K.Z. testified that when she was eleven years old, Sanchez touched her vagina and patted her breasts while helping her climb up and down from a shelf during a game of hide-and-seek at the home Zapata and Sanchez shared. She also testified about an incident that same evening when Sanchez opened the shower curtain while she was showering and handed her a towel. Sanchez's trial counsel argued the State violated article 38.37 of the Texas Code of Criminal Procedure, which requires the State to give notice of its intent to introduce evidence of extraneous offenses or acts at least thirty days before trial. The court overruled counsel's notice objection.

At trial, N.L. testified that her sister was one of Zapata's close friends and that Zapata and Sanchez were "like our second family." N.L. told the jury that during one visit to Zapata's and Sanchez's home, when N.L. was ten years old, Sanchez pulled her shorts down and licked her "front part" that she uses to "pee." K.Z. also testified before the jury about the hide-and-seek and shower incidents.

The State also called Sylvia Zapata to the stand. After Zapata confirmed that she did not "want to be testifying for the State" and became combative when responding to the State's questions, the court granted the State's request to declare her a hostile witness. Zapata denied that K.Z. had made a sexual assault outcry to her. She also claimed she had coached N.L. and K.Z. to fabricate stories about Sanchez touching them during a time when she was mad at Sanchez. Throughout her testimony, the State impeached Zapata with her own prior inconsistent statements.

The jury found Sanchez guilty of aggravated sexual assault of N.L., and the trial court sentenced him to thirty years in prison. He filed a motion for new trial but did not argue that counsel was ineffective, and the trial court did not hold a hearing on the motion. Sanchez now appeals his conviction.

## ANALYSIS

Sanchez claims ineffective assistance because his counsel: (1) failed to object to K.Z.'s testimony under Texas Rule of Evidence 403; (2) failed to object to the State calling Zapata to the stand solely to impeach her; (3) failed to sufficiently cross-examine Zapata; and (4) allowed Sanchez to reject a plea deal based on counsel's misunderstanding of the law.

### *Standard of Review and Applicable Law*

To succeed on a claim of ineffective assistance of counsel, an appellant must show counsel was deficient and such deficiency caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, an appellant must show by preponderance of the evidence that "trial counsel's performance fell below an objective standard of reasonableness." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To establish prejudice, an appellant must show a reasonable probability that, but for counsel's errors, the result would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

An appellant must overcome the strong presumption that counsel's actions were justified by some trial strategy. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 813. "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d at 143. Ordinarily, counsel must have the opportunity to explain his actions, unless such conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App.

2005) (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Ineffective assistance of counsel claims often fail on direct appeal because the record is usually underdeveloped and does not show the reasoning behind counsel's conduct. *Thompson*, 9 S.W.3d at 813–14.

Although there may be instances where counsel's conduct is so egregious that evidence of his subjective reasoning is not necessary, the Texas Court of Criminal Appeals has made clear these instances are very rare. *Compare Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (finding counsel's failure to object to the prosecution's misstatement of the law on sentence stacking was one of the "rare case[s]" no reasonable trial strategy could justify), *with Cox v. State*, 389 S.W.3d 817, 820 (Tex. Crim. App. 2012) (holding counsel's misstatement of law on stacking sentences insufficient to establish deficiency absent evidence of counsel's reasoning and emphasizing *Andrews*'s holding was limited to facts of that case).

### *Application*

Here, the record does not reveal the reasons for counsel's actions. While Sanchez filed a motion for new trial, there was no hearing on the matter. In addition, the motion itself does not mention ineffective assistance of counsel. This amounts to an underdeveloped record that provides no reasons for counsel's conduct. *See Goodspeed*, 187 S.W.3d at 391–94 (holding record underdeveloped where no hearing was held on motion for new trial). Because this Court has no evidence to evaluate counsel's reasoning, to succeed in proving the first prong of the *Strickland* test, Sanchez must show the conduct was so outrageous no reasonable attorney would have engaged in it. *Id*. at 392.

First, Sanchez asserts no reasonable strategy could justify counsel's failure to object to K.Z.'s testimony under Rule 403. To demonstrate deficient performance for the failure to make a Rule 403 objection, Sanchez must show that the trial judge would have committed error in

overruling the objection. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). Sanchez has not made that showing.

Since Sanchez was on trial for a sexual offense committed against a child under seventeen years of age, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence, the State could introduce evidence that he had committed a separate sexual offense against another child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a), (b). Even so, article 38.37 evidence is subject to exclusion under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. *Fisk v. State*, 510 S.W.3d 165, 172 (Tex. App.—San Antonio 2016, no pet.).

Sanchez argues that the extraneous offense evidence was not sufficiently probative because it did not have common characteristics with the offense for which he was on trial. But the evidence was probative of Sanchez's character or propensity to commit sexual offenses against a particular group, adolescent girls, to which he had a particular access, as an uncle figure, and in a particular, one-off manner. *See, e.g.*, *Robisheaux v. State*, 483 S.W.3d 205, 219–20 (Tex. App.—Austin 2016, pet. ref'd). This was a "he said, she said" trial in which the jury was called upon to decide the case solely upon two completely different versions of an event, unaided by any tangible evidence. And in such cases, "Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant[.]" *Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009) (holding trial court abused its discretion in excluding appellant's evidence offered to demonstrate complainant's motive to falsely accuse him of molestation).

K.Z.'s testimony did not present any obvious danger of unfair prejudice. K.Z. described behavior far less egregious than did N.L. *Cf. Fisk*, 510 S.W.3d at 175. Nor did it confuse the issues or mislead the jury. It bore on a subject of a genuine controversy—whether Sanchez had a sexual interest in children. *See Caston v. State*, 549 S.W.3d 601, 612 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

And while the presentation of extraneous-offense evidence consumed a large portion of Sanchez's trial, *see James v. State*, 623 S.W.3d 533, 550–51 (Tex. App.—Fort Worth 2021, no pet.), it was by no means a needless presentation of cumulative evidence. It was the only extraneous evidence admitted. *See Distefano v. State*, 532 S.W.3d 25, 34 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Had Sanchez made a Rule 403 objection to this article 38.37 evidence, the trial court would not have committed error in overruling it. For that reason, Sanchez had not shown his trial counsel was ineffective for failing to object to this evidence. *See Burke v. State*, 371 S.W.3d 252, 258 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd, untimely filed).

Sanchez next argues no reasonable trial strategy can explain counsel's failure to object to the State's impeachment of Zapata after it called her as a witness. Texas Rule of Evidence 607 allows any party—including the party who called the witness—to attack the witness's credibility. TEX. R. EVID. 607; *Hughes v. State*, 4 S.W.3d 1, 4–5 (Tex. Crim. App. 1999). But a trial court should bar testimony under Rule 403 where a party calls a witness primarily for the purpose of placing otherwise inadmissible evidence before the jury, particularly when the State knows its own witness will testify unfavorably. *Hughes*, 4 S.W.3d at 5 ("The impeachment evidence must be excluded under Rule 403's balancing test because the State profits from the witness' testimony only if the jury misuses the evidence by considering it for its truth. Consequently, any probative value the impeachment testimony may have is substantially outweighed by its prejudicial effect."). Little substantive evidence was elicited from Zapata. *See id.* at 6–7 (finding the State failed to elicit

substantive testimony despite the outcry witness corroborating that she spoke to investigators but denying telling caseworkers about the defendant's inculpatory statements). Nevertheless, trial counsel may have had valid reasons for not objecting. *See Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011) (holding appellant failed to meet the first prong of *Strickland* where the record was silent as to trial counsel's reason for failing to object to the testimony of outcry witnesses). Because the record does not establish trial counsel's reasoning, Sanchez has failed to establish the first prong of *Strickland*.

Third, Sanchez contends that counsel's failure to elicit crucial testimony from Zapata about how she coached N.L. and K.Z. to falsely accuse Sanchez was so egregious no trial strategy could explain it. What witnesses to call, whether to cross-examine a particular witness, and how to cross-examine a witness are generally matters of defensive trial strategy that courts are reluctant to second-guess, particularly in the face of a silent record. *Ex parte McFarland*, 163 S.W.3d 743, 755–56 (Tex. Crim. App. 2005). Counsel cross-examined Zapata when she was called as a witness by the State; he also called Zapata as a witness for the defense. The record does not reveal why he chose not to ask more or different questions or what evidence further questioning would have elicited. Sanchez's suggestion that examination of Zapata should have been conducted in a different way does not rebut the presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id*. We therefore conclude Sanchez has failed to demonstrate counsel's failure to sufficiently elicit testimony from Zapata was deficient.

Finally, Sanchez argues counsel's misunderstanding of evidentiary sufficiency in sexual assault cases caused him to reject the State's plea offer. The record shows counsel discussed the plea offer and the consequences of rejecting it with Sanchez, but it lacks evidence of counsel misinforming him. Even if Sanchez had successfully demonstrated deficiency, to prove prejudice, Sanchez needed to show: "(1) he would have accepted the earlier offer if counsel had not given

ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Our record contains no evidence of any of these elements. We therefore overrule Sanchez's claim for ineffective assistance of counsel.

### CONCLUSION

Having overruled Sanchez's sole issue on appeal, we affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH