

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00343-CR

---

CURTIS JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2025-CR-1101, Honorable Douglas H. Freitag, Presiding

---

April 29, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Curtis Johnson, appeals from his conviction by jury of the offense of continuous sexual abuse of a young child[1] and the resulting sentence of 40 years of

---

[1] TEX. PENAL CODE § 21.02(b).

imprisonment.[2]  Through one issue, he claims the trial court erred in admitting extraneous offense evidence because he received insufficient notice of same.  We affirm.

## BACKGROUND

Appellant sexually abused his six-year-old granddaughter, X.D., nearly every night during the few months X.D. and her family lived with him.  This abuse came to light when the child's mother, A.J., suspected an inappropriate relationship between the two and asked X.D. about it.  The child confirmed it.  The family moved out of Appellant's home and stayed with a friend and then moved to a hotel.  The children's school called family services because the family was staying in a hotel.[3]  The allegations against Appellant were discovered during the ensuing CPS investigation.  Thereafter, X.D. was interviewed by a forensic interviewer and examined by a sexual assault nurse examiner.

Evidence of extraneous offenses of sexual abuse by Appellant against A.J. were introduced at trial under article 38.37.  A.J.'s testimony about that abuse was the subject of a pretrial hearing, and while Appellant objected to the admission of that evidence then and at trial, he did not request a continuance or other relief from the trial court pertaining to that admission.

At the close of evidence, Appellant was found guilty and sentenced as noted.

---

[2] This is a first-degree felony, punishable by a term of imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000.  TEX. PENAL CODE § 12.32.

[3] A.J. has nine children, eight of whom reside with her.

2

Through a single issue, Appellant argues the trial court erred in admitting extraneous offense evidence under article 38.37 of the Code of Criminal Procedure because he did not receive sufficient notice. The State's Notice of Intent notified Appellant that it intended to introduce evidence of, in part, "[a]ny and all instances of Aggravated Sexual Assault of a Child committed against [A.J.] from on or about November 23, 1993 through November 23, 2001" and "[a]ny and all instances of Indecency with a Child committed against [A.J.] from on or about November 23, 1993 through November 23, 2001."

Appellant argues these statements did not inform him of "how many instances he needed to prepare a defense for, what kind of actions he was accused of, or where the actions took place." Further, he claimed, the Notice "could have been referring to one hundred instances or two instances. Building a proper defense requires at least some knowledge as to what the accusations are."

Standard of Review and Applicable Law

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). A trial court abuses its discretion "when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* at 576. Typically, evidence of extraneous offenses is not admissible at the guilt-innocence phase of a trial to prove that a defendant acted in conformity with his criminal nature by committing the charged offense. TEX. R. EVID. 404(b). However, the Code of Criminal Procedure provides an

3

exception for certain cases, including those involving continuous sexual abuse of a complainant under seventeen years of age. Article 38.37, section 2, states, "[n]otwithstanding Rules 404 and 405 . . . evidence that a defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant . . . if the trial judge, after conducting a hearing outside the presence of the jury, determines the evidence "will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. art. 38.37 §§ 2(b), 2-a. *See also Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

The statute also provides that the State "shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 1 or 2 not later than the 30th day before the date of the defendant's trial." *Id.* at § 3. The purpose of the notice requirement in article 38.37 is to avoid surprise and to allow a defendant to mount an effective defense. *Pena v. State*, 554 S.W.3d 242, 248–49 (Tex. App.— Houston [14th Dist.] 2018, pet. ref'd).

Preservation

To preserve error regarding the State's failure to provide reasonable notice of its intent to use extraneous offense evidence, the defendant must request a continuance to alleviate the effects of surprise. *Martines v. State*, 371 S.W.3d 232, 249 (Tex. App.— Houston [1st Dist.] 2011, no pet.) (citing *Martin v. State*, 176 S.W.3d 887, 900 (Tex.

4

App.—Fort Worth 2005, no pet.); *Koffel v. State*, 710 S.W.2d 796, 802 (Tex. App.—Fort Worth 1986, pet. ref'd) (citing *Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982)) ("[The defendant's] failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise.")).

Here, the extraneous evidence at issue was the subject of a pretrial hearing, during which A.J. testified to the instances of abuse perpetrated on her by Appellant when she was a child. Defense counsel raised the issue of the sufficiency of the notice of the State's intent to introduce extraneous acts under section 38.37, and the judge took that under advisement. Counsel objected to the evidence again at trial and in response to his objection, the court stated,

> State's Notice of Intent to Offer and Introduce Evidence of Extraneous Offenses pursuant to 404, 609(f), and 37.07, Section 3 of the Texas Code of Criminal Procedure, Paragraph 6 specifically states, "Any and all instances of indecency with a child committed against [A.J.] from on or about November 23rd, 1993 through November 23rd, 2001," which is specifically the testimony that [A.J.] gave when we had the 38.37 hearing last week where she spoke about being touched in her vaginal area under the clothing by [Appellant] when she was approximately four or five years old in a bathroom.

Counsel clarified, "not to argue with the Court, what you're telling me is that in your opinion that is specific enough and it does meet what the statute requires?" The court answered, "Correct." Counsel requested a running objection and the court said, "You believe that's not sufficient notice. I understand. The Court is going to overrule that." Counsel indicated his understanding, and the trial proceeded.

Counsel did not request a continuance or otherwise bring to the trial court's attention his need for time or other relief to address the alleged surprise from the lack of

specificity in the State's Notice.[4]  Accordingly, he has not preserved his complaint for our review.  *See Martin*, 176 S.W.3d at 900 (complaint waived due to failure to request a continuance to address surprise); *Storey v. State*, No. 07-08-00467-CR, 2010 Tex. App. LEXIS 1219, at *6 (Tex. App.—Amarillo Feb. 22, 2010, no pet.) (mem. op., not designated for publication) (no motion for continuance was filed and "since the tenor of appellant's complaint relates to surprise (i.e. the lack of time to prepare a means to address matters about which he did not previously know) the complaint was not preserved").

Harm

Even if we assume both Appellant preserved error regarding the sufficiency of the State's notice and that the trial court erroneously overruled Appellant's objection concerning the notice, we find he has failed to demonstrate harm.

The admission of extraneous offense evidence without proper notice is non-constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b).  TEX. R. APP. P. 44.2(b).  We disregard any error that does not affect Appellant's substantial rights.  *Id.*  We will not reverse a conviction when, after examining the record as a whole, we have a fair assurance that the error did not influence the jury or had but a

---

[4] Counsel went into more detail about the insufficiency of the State's Notice and the surprise stemming therefrom during a pretrial hearing held about a week prior to trial.  He did not file a continuance at that time either.  We note also that at the beginning of trial, this exchange took place:

> State: And then as far as the 38.37 hearing we had last week on [A.J.], I didn't know if Defense was going to have an objection to that.  We just need a ruling from the Court before opening statements . . .

> Defense: I'm thinking they can get into that, Judge.  I don't have a good-faith objection right now on that.

> It was not until A.J. was about to testify at trial that counsel raised an objection again and asked the court if he still had his "running objection from last week."

slight effect. *McDonald*, 179 S.W.3d at 578 (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). We "look only at the harm that may have been caused by the lack of notice and the effect the lack of notice had on the appellant's ability to mount an adequate defense." *McDonald*, 179 S.W.3d at 578 (citing *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005)).

The State's notice concerning Appellant's alleged sexual abuse of A.J. set forth the offenses, i.e., aggravated sexual assault of a child and indecency with a child, against the specific victim, i.e., A.J., and the alleged date ranges during which those offenses occurred, i.e., on or about November 23, 1993, through November 23, 2001. Appellant was made aware of that information more than a year before trial. And, A.J. testified at a pretrial hearing several days before trial during which A.J. described the instances of sexual abuse. Defense counsel also cross-examined A.J.

As noted above, when faced with the admission of the evidence at trial, Appellant did not request more time to explore the extraneous evidence. Nor did he explain how his defense strategy would have differed if he had been given more specific information in the notice. Instead, Appellant argues on appeal that the jury was faced with differing versions of how Appellant would have had access to X.D. to commit the alleged offense and that it could have found the versions inconsistent but still found him guilty "based on the fact that they believed he was acting in conformity with his character based on A.J.'s 38.37 testimony." Without an explanation of how his trial strategy would have differed, we cannot find harm here. *See, e.g., Lara v. State*, 513 S.W.3d 135, 143 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (finding no harm when no continuance was requested

7

and when counsel did not explain how his trial strategy would have been different if he had been provided notice).

Considering the entire record and the trial court's alleged error, in light of the purpose of avoiding surprise to Appellant, we find the alleged error did not have a substantial and injurious effect or influence in determining the jury's verdict. The error, if any, must be disregarded. *See* TEX. R. APP. P. 44.2(b).

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


Alex Yarbrough
Justice

Do not publish.

8